## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

SHERIFF CHRISTOPHER WEST,    )
    Plaintiff;    )
        )    CIVIL ACTION NO.: _____
v.    )
        )    JURY TRIAL DEMANDED
TOWN OF HAYNEVILLE,    )
LOWNDES COUNTY    )
COMMISSION, TOWN OF    )
CAMDEN, COMMISSIONER    )
ROBERT MICHAEL HARRIS,    )
CHIEF KELVIN BERNARD    )
MITCHELL,    )
    Defendants.    )

## COMPLAINT

**COMES NOW** Plaintiff Sheriff Christopher West ("Sheriff West" or "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants Town of Hayneville, Lowndes County Commission, Town of Camden, Commissioner Robert Michael Harris, and Chief Kelvin Bernard Mitchell, alleging the following facts, asserting the following causes of action, and seeking to recover the following damages.

## JURISDICTION AND VENUE

1.    This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and has subject matter jurisdiction under 42 U.S.C. § 1983 ("Section 1983").

2.    This Court has supplemental jurisdiction over all state law claims alleged herein pursuant to 28 U.S.C. § 1367.

3.    The actions complained of in this lawsuit took place in the Northern Division of the Middle District of Alabama. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as all events giving rise to the claims occurred in Lowndes County, Alabama.

## PARTIES

4.    Plaintiff Christopher West ("Plaintiff" or "Sheriff West") is a citizen of the United States and of the State of Alabama. He is the duly elected Sheriff of Lowndes County and a resident of Lowndes County, Alabama.

5.    Defendant Town of Hayneville ("Hayneville") is a municipal corporation organized under the laws of the State of Alabama, situated in Lowndes County, Alabama. Hayneville operates the Hayneville Municipal Court and the Hayneville Police Department and is the employer of Defendant Chief Mitchell. At all times relevant, its agents, magistrates, and officials participated in the initiation, authorization, denial of Plaintiff's right to appeal, and continuation of the criminal proceedings against Plaintiff. Notice of Claim was properly served upon the Town of Hayneville in accordance with Ala. Code § 11-47-23.

6.    Defendant Lowndes County Commission ("Commission") is the governing body of Lowndes County, Alabama, conducting regular public meetings at 205-A

East Tuskeena Street, Hayneville, Alabama 36040. The Commission is added as a Defendant pursuant to the Notice of Claim served upon it in accordance with Ala. Code § 11-12-8. The meeting from which all charges arose was a Commission proceeding governed by the Commission's own Rules of Procedure, adopted pursuant to the Alabama Open Meetings Act (Act 2005-40).

7.     Defendant Town of Camden is a municipal entity organized under Alabama law. A magistrate in the Town of Camden, acting at the direction of or in coordination with other Defendants and without lawful authority or proper appointment by the Alabama Administrative Office of Courts ("AOC"), issued the arrest warrant against Plaintiff. That warrant was subsequently declared void ab initio by Order of the Municipal Court of Hayneville dated June 12, 2025. Notice of Claim was properly served upon the Town of Camden in accordance with Ala. Code § 11-47-23.

8.     Defendant Commissioner Robert Michael Harris ("Commissioner Harris" or "Harris") was at all times relevant above the age of 18, an elected official serving as a County Commissioner for Lowndes County and acting under color of state law. He is a resident of Lowndes County, Alabama.

9.     Defendant Kelvin Bernard Mitchell ("Chief Mitchell" or "Mitchell") is above the age of 18 and at all times relevant was employed by the Town of Hayneville as

Chief of Police and Hayneville Municipal Court Bailiff, acting under color of state law. He was at all times relevant a resident of Lowndes County, Alabama.

## FACTS

10.    On June 22, 2024, a regular public meeting of the Lowndes County Commission was held at 205-A East Tuskeena Street, Hayneville, Alabama 36040, commencing at approximately 7:00 PM (1900 hours). The meeting was governed by the Commission's Rules of Procedure and the Alabama Open Meetings Act (Act 2005-40).

11.    During the meeting, Commissioner Harris raised the issue of the Sheriff's investigators remaining in a condemned building where they housed sensitive law enforcement case files. Commissioner Harris made a motion to have the utilities turned off in the building if it was not vacated. Prior to the motion being seconded, Sheriff West interjected to frustratedly state that if the lights were turned off, he would "put all they asses in jail."

12.    A verbal commotion followed. Commission Chairman Charlie King was required to bang his gavel in order to restore order. During the commotion, additional words were exchanged between Sheriff West and Commissioner Harris. Sheriff West is also alleged to have referred to Commissioner Harris with offensive language and invited him to resolve the matter outside. No formal motion was made to remove Sheriff West from the meeting, and the meeting continued.

13. Sheriff West's statements were clearly intended as hyperbole and were made in his capacity as a private citizen concerned about crime-fighting capacity within the County. His statements constituted protected political speech made during an open public governmental meeting.

14. Under the Commission's own Rules of Procedure (Section VI.A), commissioners and participants are to avoid unprofessional language and are not to disturb the Commission. The Chair holds authority to call order and, if necessary, remove disruptive individuals. Despite the verbal commotion, no such formal action was taken to remove Sheriff West, and the Commission's business was not substantively impaired or delayed. The meeting continued and Commissioner Harris retained the ability to re-present his motion.

15. There exist video and audio recordings of the incident.

16. On August 26, 2024, Commissioner Harris filed a sworn complaint with the Hayneville Police Department. The Hayneville Police Department (ORI# AL0450200) prepared an incident report documenting charges of Harassment (Ala. Code § 13A-11-8) and Obstructing Government Operations (Ala. Code § 13A-10-2).

17. The Magistrate for the Town of Hayneville reviewed the complaint and declined to issue a warrant, properly recusing herself from further involvement in the matter.

18.    Following the Hayneville magistrate's recusal, Commissioner Harris sought and obtained an arrest warrant from a magistrate in the Town of Camden. That Camden magistrate issued the warrant on August 29, 2024, without the required approval or appointment from the Alabama Administrative Office of Courts.

19.    The Camden-issued warrant was void ab initio for the following reasons:

a.    the Camden magistrate was never properly appointed by the AOC as a special magistrate pursuant to Rule 18 of the Alabama Rules of Judicial Administration, which vests the sole appointing authority for municipal magistrates and special magistrates in the Administrative Director of Courts;

b.    a municipal court magistrate's authority to issue a warrant does not extend beyond the jurisdiction of the municipality in which the magistrate is appointed; and

c.    the Camden magistrate therefore lacked jurisdictional authority to issue a warrant in a matter originating from the Town of Hayneville. See State v. Brown, 591 So.2d 113 (Ala. Crim. App. 1991); Ala. Code §§ 12-14-1 and 12-14-32.

20.    The warrant was not supported by a written affidavit or sworn statement as required by the Fourth Amendment to the United States Constitution.

21. Following the warrant's issuance, Sheriff West voluntarily surrendered himself to authorities on August 29, 2024, and posted bond in the total amount of $1,035.00.

22. The pretextual charges of Harassment and Obstruction of Governmental Operations do not meet the applicable legal standards. As to Harassment under Ala. Code § 13A-11-8, the required intent to harass, annoy, or alarm was not present — Sheriff West's statements were made to protect his office's operations, not to personally harass Commissioner Harris. As to Obstruction under Ala. Code § 13A-10-2, the Alabama Supreme Court has held the statute requires physical interference; words alone are insufficient. See *D.A.D.O. v. State*, 57 So.3d 798, 806 (Ala. 2009).

23. A First Setting was scheduled for October 10, 2024. The Town Attorney failed to appear for this setting. The defense filed a Motion to Dismiss and/or Motion for Judgment of Acquittal pursuant to Rule 20 of the Alabama Rules of Criminal Procedure, arguing inter alia that Sheriff West's statements constituted protected political speech under the First Amendment.

24. Before November 14, 2024, the entire body of the Lowndes County Commission, save Commissioner Harris, voted to support Sheriff West and favor the dismissal of all charges.

25. On November 14, 2024, the Court dismissed the Harassment charge but allowed the Obstruction of Governmental Operations charge to proceed. On the

same date, Sheriff West, through counsel, filed a Notice of Appeal to the Circuit Court of Lowndes County pursuant to Rule 30 of the Alabama Rules of Criminal Procedure. The Municipal Court acknowledged the appeal and email confirmation was received on November 15, 2024.

26.     Despite the timely filed Notice of Appeal, Chief Mitchell advised counsel that the Notice of Appeal would not be transmitted to the County Clerk's Office. The operative date for the Town of Hayneville to transmit the Notice of Appeal to the County Clerk was November 14, 2024.

27.     On November 28, 2024, the Municipal Court of Hayneville, by Order of Hon. Fred F. Bell, Municipal Judge, granted Sheriff West's renewed Motion to Dismiss the Obstruction of Governmental Operations charge, expressly holding that Ala. Code § 13A-10-2 requires physical interference and that words alone are insufficient to allege culpability under the obstruction statute. The obstruction charge was dismissed without prejudice.

28.     Sheriff West's request for a full appeal was denied, and the matter was purportedly reassigned to a new judge. Sheriff West, through counsel, objected to the reassignment as a delay tactic, having timely asserted his intent to appeal prior to any alleged recusal.

29.     On December 2, 2024, a renewed Notice of Appeal was filed with the Clerk of Court for the Town of Hayneville, and on the same day the Clerk acknowledged

receipt. Again, Chief Mitchell stated to Sheriff West's counsel that the Notice of Appeal would not be transmitted to the County Clerk's Office.

30.    During Court proceedings held on December 2, 2024, Chief Mitchell requested that the Court allow him to speak to the gallery regarding Sheriff West's character and culpability for the remaining charge. Sheriff West's counsel objected, but Chief Mitchell persisted, stating that Sheriff West was guilty and that the case could not be appealed to the Circuit Court of Lowndes County. Chief Mitchell's conduct demonstrates and lays bare the bias, ill-intent, and maliciousness motivating the charges and the prosecutorial conduct against Sheriff West.

31.    On December 2, 2024, Sheriff West, through counsel, filed a Writ of Habeas Corpus in the Circuit Court of Lowndes County, asserting that the Town's refusal to process the Notice of Appeal and its continued prosecution of the charges within the municipal court constituted unlawful detainment, seizure, and restriction of Sheriff West both in his individual and official capacity as Sheriff of Lowndes County. Pursuant to Ala. Code § 15-21-1 et seq., the writ of habeas corpus lies to inquire into any unlawful restraint of liberty, including continued prosecution on charges lacking legal merit combined with the denial of the right to appeal.

32.    The Writ of Habeas Corpus, seeking relief from the unlawful detention or continued prosecution arising from Harassment (Ala. Code § 13A-11-8) and

Obstructing Government Operations (Ala. Code § 13A-10-2) against Sheriff West, was received by the Clerk of Court for the Circuit Court of Lowndes County.

33.     On June 12, 2025, all remaining charges against Sheriff West were finally and fully dismissed by Order of Hon. Kameisha L. Logan, Municipal Judge, Town of Hayneville. The Court found that:

   a.  the Hayneville magistrate declined to issue the warrant and properly recused herself;

   b.  the Camden magistrate issued the warrant without required AOC approval or appointment;

   c.  the Camden magistrate lacked jurisdictional authority to issue a warrant in a matter originating from the Town of Hayneville; and

   d.  the warrant was therefore void ab initio. It was the second time a municipal court judge ruled that the charges lacked both factual and legal merit. The press release issued by Attorney Rice confirmed that this ruling brought full dismissal of all charges stemming from both rounds of filings.

34.     Despite the dismissal of all charges, on February 11, 2025, Commissioner Harris signed a renewed complaint against Sheriff West for Harassment (Ala. Code § 13A-11-8) and Attempt (Ala. Code § 13A-4-2), arising from the same June 22, 2024 incident, again seeking a warrant from a magistrate in another jurisdiction and

relying on the same factual allegations that had already been found to be legally deficient.

35.    On the same date, the Magistrate issued warrants for the arrest of Sheriff West (WA-25-1 and WA-25-2). Bond was set at $500 (Obstruction) and $535 (Harassment), respectively, and the initial hearing was scheduled for March 13, 2025, at 9:00 AM in the Municipal Court for the Town of Hayneville.

36.    The underlying allegations and sworn statements presented in support of the February 11, 2025 charges were substantially similar, if not identical, to the allegations and statements filed in support of the charges previously dismissed on November 28, 2024 and June 12, 2025, respectively.

37.    On March 13, 2025, the initial hearing was held, and counsel for Sheriff West filed a Motion to Dismiss the renewed charges on grounds that they were legally deficient, factually identical to the previously dismissed charges, and constituted a continued abuse of the legal process motivated by political retaliation.

38.    The renewed charges represent a continuation of the Defendants' pattern of using the criminal process as an instrument of political retaliation against Sheriff West for the lawful exercise of his First Amendment rights and his performance of his official duties as Sheriff of Lowndes County.

39.    Given the irregularities and procedural defects in the handling of the case including the void arrest warrant, the denial of the right to appeal, and the renewed

filing of charges on identical facts, Sheriff West's continued exposure to criminal proceedings is unlawful and constitutes a violation of his rights under the U.S. Constitution and Alabama law.

## CLAIMS FOR RELIEF

### Count 1
### 42 U.S.C. § 1983
### False Arrest / Unlawful Seizure
*(Defendants Town of Hayneville, Town of Camden, and Chief Mitchell)*

40.     Plaintiff incorporates herein by reference as if fully set forth the allegations of ¶¶ 1-39 of this Complaint.

41.     Defendants arrested Plaintiff without probable cause to believe that he had committed a crime.

42.     The arrest warrant was void ab initio, having been issued by a Camden magistrate who lacked jurisdictional authority and proper AOC appointment, as expressly confirmed by the June 12, 2025 Order of Dismissal of Hon. Kameisha L. Logan.

43.     The warrant was not supported by a proper written affidavit or sworn statement as required by the Fourth Amendment to the United States Constitution.

44.     The facts alleged by Commissioner Harris, even if proven, did not meet the statutory elements required for Harassment under Ala. Code § 13A-11-8 or Obstruction of Governmental Operations under Ala. Code § 13A-10-2.

45.    Defendants arrested Plaintiff at the urging and behest of Commissioner Harris and Chief Mitchell, who held a political vendetta against Sheriff West arising from his constitutionally protected advocacy at a public governmental meeting.

46.    As a direct and proximate result, Sheriff West suffered damages including significant attorney's fees, emotional distress, damage to his reputation, interference with his official duties, and other financial and non-economic harm.

## Count 2
### State Law
### False Arrest
*(Defendants Town of Hayneville, Town of Camden, and Chief Mitchell)*

47.    Plaintiff incorporates herein by reference as if fully set forth the allegations of ¶¶ 1-39 of this Complaint.

48.    Defendants arrested Plaintiff without probable cause and pursuant to a warrant that was void ab initio, in violation of Alabama law.

49.    The facts alleged by Commissioner Harris, even if proven, did not meet the statutory definition of the crimes for which Sheriff West was charged.

50.    Defendants caused Sheriff West's arrest at the urging and behest of Commissioner Harris and Chief Mitchell, who held a vendetta against Sheriff West.

51.    As a direct and proximate result, Sheriff West suffered damages as described herein.

## Count 3
### 42 U.S.C. § 1983

**Malicious Prosecution**
*(All Defendants)*

52.   Plaintiff incorporates herein by reference as if fully set forth the allegations of ¶¶ 1-39 of this Complaint.

53.   Defendants instituted and continued criminal proceedings against Plaintiff without probable cause, knowing that his conduct constituted protected political speech and that the charges did not meet the required statutory elements.

54.   Defendants' actions were motivated by malice, retaliation, and political vendetta, and not by any legitimate belief that Plaintiff had committed a crime.

55.   Plaintiff was required to surrender and was booked for a crime he did not commit and for which there was no probable cause.

56.   Defendants kept the case against Plaintiff in the legal system as long as possible. The proceedings were ultimately terminated in Plaintiff's favor by the Order of Dismissal entered June 12, 2025, the second such dismissal on the merits.

57.   As a direct and proximate result, Sheriff West suffered significant damages as described herein.

### Count 4
**State Law**
**Malicious Prosecution**
*(All Defendants)*

58.   Plaintiff incorporates herein by reference as if fully set forth the allegations of ¶¶ 1-39 of this Complaint.

59. Defendants initiated and perpetuated criminal proceedings against Plaintiff without probable cause and with malice, for an improper purpose.

60. The proceedings were terminated in Plaintiff's favor.

61. As a direct and proximate result, Sheriff West suffered significant damages as described herein.

### Count 5
### 42 U.S.C. § 1983
### Conspiracy
*(All Defendants)*

62. Plaintiff incorporates herein by reference as if fully set forth the allegations of ¶¶ 1-39 of this Complaint.

63. Defendants, acting in concert and under color of state law, agreed and conspired to deprive Sheriff West of his constitutional rights, including his right to be free from unreasonable seizure, his right to due process of law, and his First Amendment right to political speech.

64. In furtherance of the conspiracy, Defendants:

a. obtained a void warrant from a magistrate with no jurisdictional authority;

b. prosecuted Sheriff West on charges that did not meet the required statutory elements;

c. blocked his right to appeal to the Circuit Court; and

d. renewed identical charges after dismissal.

65.    Plaintiff as the duly elected Sheriff of Lowndes County was prosecuted for months for a crime he did not commit and for which there was no probable cause.

66.    As a direct and proximate result, Sheriff West suffered significant damages as described herein.

## Count 6
## State Law
## Conspiracy
*(All Defendants)*

67.    Plaintiff incorporates herein by reference as if fully set forth the allegations of ¶¶ 1-39 of this Complaint.

68.    Defendants conspired under state law to accomplish an unlawful purpose — the malicious prosecution and false arrest of Sheriff West — through concerted, coordinated action taken in bad faith.

69.    As a direct and proximate result, Sheriff West suffered significant damages as described herein.

## Count 7
## 42 U.S.C. § 1983
## First Amendment Retaliation
*(All Defendants)*

70.    Plaintiff incorporates herein by reference as if fully set forth the allegations of ¶¶ 1-39 of this Complaint.

71.    Sheriff West's statements during the June 22, 2024 County Commission meeting constituted protected political speech on matters of public concern specifically, the operations of county government and the allocation of resources to the Sheriff's Office. Political speech in the context of open governmental meetings is afforded the highest protection under the First Amendment to the United States Constitution. See *Mills v. State of Alabama*, 384 U.S. 214, 218 (1966) ("a major purpose of that Amendment was to protect the free discussion of governmental affairs").

72.    Defendants initiated and continued criminal prosecution against Sheriff West in direct retaliation for his exercise of his First Amendment rights at a public governmental meeting. The prosecution would not have occurred but for Plaintiff's protected political speech. See *Lozman v. Town of Riviera Beach*, 585 U.S. 87 (2018).

73.    As a direct and proximate result of Defendants' retaliatory conduct, Sheriff West suffered significant damages including attorney's fees, emotional distress, reputational harm, and interference with the performance of his official duties as Sheriff of Lowndes County.

### Count 8
### 42 U.S.C. § 1983
### Denial of Right to Appeal / Violation of Due Process
*(Defendants Town of Hayneville, Town of Hayneville, and Chief Mitchell)*

74.    Plaintiff incorporates herein by reference as if fully set forth the allegations of ¶¶ 1-39 of this Complaint.

75.    Under Rule 30 of the Alabama Rules of Criminal Procedure, Sheriff West possessed an automatic right to appeal his case from the municipal court to the Circuit Court of Lowndes County for a trial de novo. The operative date for the Town of Hayneville to transmit the Notice of Appeal to the County Clerk was November 14, 2024.

76.    Defendants deliberately and willfully refused to transmit the Notice of Appeal to the County Clerk's Office, denying Sheriff West his right to a trial de novo and his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution. Chief Mitchell expressly stated that no appeal would be allowed to proceed. The Town of Hayneville confirmed this position by non-response to written correspondence from counsel, which counsel advised would be treated as confirmation that the Town was blocking the appeal.

77.    As a direct and proximate result, Sheriff West suffered extended exposure to criminal proceedings, additional attorney's fees, emotional distress, reputational harm, and interference with his official duties.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Sheriff Christopher West respectfully requests that this Court:

A.    Render a judgment finding the Defendants liable for the aforementioned causes of action;

B.    Issue an Order requiring the Defendants to pay Plaintiff compensatory damages for his emotional, physical, psychological, financial, and reputational injuries;

C.    Award punitive damages against Defendants for their willful, wanton, and malicious conduct;

D.    Issue an Order requiring the Defendants to pay all litigation costs, expenses, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

E.    Award all other relief to which Plaintiff is entitled or that the Court deems just and proper.

Respectfully submitted,

**Richard A. Rice (RIC086)**
**Spencer E. Bowley (BOW087)**
**THE RICE FIRM, LLC**
115 Richard Arrington Jr. Blvd. N.
Birmingham, Alabama 35203
Telephone: (205) 618-8733
Facsimile: (888) 391-7193
rrice@rice-lawfirm.com
spencer@rice-lawfirm.com
Attorneys For Plaintiff

## <u>REQUEST FOR SERVICE BY CERTIFIED MAIL</u>

PLEASE SERVE THE DEFENDANTS VIA U.S. CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:

**Town of Hayneville**
Attn: Jimmie Davis, Mayor
241 West Tuskeena Street
Hayneville, Alabama 36040

**Lowndes County Commission**
Attn: Lowndes County Clerk or Authorized Agent for Lowndes County
1 South Washington Street
Hayneville, AL 36050

**Town of Camden**
Attn: Phil Creswell, Mayor
108 Water St.
Camden, Alabama 36726

**Chief Kelvin Bernard Mitchell**
200 Burger Street
Greenville, Alabama 36037

**Commissioner Robert Michael Harris**
190 Towne Creek Lane
Lowndesboro, Alabama 36752